MUSCHEL v. AUSTERN.

(Supreme Court, Appellate Term.   March 11, 1904.)

1. BANKRUPTCY—RECEIVER—POWERS.
   A receiver in bankruptcy cannot transfer title to any of the bankrupt's property without order of the court.
2. SAME—SALE BY BANKRUPT.
   A bankrupt firm cannot convey its property after the filing of the petition in bankruptcy.

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Maurice Muschel against Carl Austern.   From a judgment for plaintiff, defendant appeals.   Reversed.

See 84. N. Y. Supp. 956.

Argued before FREEDMAN, P. J., and GIEGERICH and McCALL, JJ.

M. Silverstein, for appellant.

J. Frey, for respondent.

McCALL, J.   This is an action brought to recover an alleged balance due on a running account between the late firm of Heller & Austern and the defendant herein, Carl Austern, who was a brother of one of the aforesaid partners.   That the account existed both sides admit, but a dispute arose, and quite a contest was waged, as to which party was shown to be the debtor, in an attempt made to balance the account.   A general release offered by the defendant, and which was allowed in evidence under an amendment to the pleadings permitted or granted two months after the parties were at issue, figured prominently in the litigation, and, as regards same, suffice it to say that if that were the only question in the case we would not feel disposed to interfere with the determination reached by the court below; but a more important question, not referred to nor urged upon the previous presentation of this case to this court, is raised upon the present argument, and we believe it is fatal to the judgment obtained in the lower court.

While the proof is meager and very unsatisfactory, yet there is sufficient in the record to show that the firm of Heller & Austern passed into bankruptcy on November 5 or 6, 1902.   The plaintiff in this action obtained his rights by mesne assignment.   From whom?   From an assignee of the partners Heller & Austern, one Isaac White.   And the transfer was made to him.   When?   December 2, 1902, one month

¶ 1. See Bankruptcy, vol. 6, Cent. Dig. §§ 356, 358.

after the said partners had failed and the petition in bankruptcy had been filed. The plaintiff, therefore, received only such title as his assignor White had, and the assignment by the partners to him was utterly valueless, because the title passed from the said partners immediately upon the filing of the petition in bankruptcy. The receiver in bankruptcy was not vested with any title, nor was he clothed with any power of transfer, because under the bankruptcy act such an officer is the mere custodian of the bankrupt property; in other words, after the filing of the petition, the title not vesting in a trustee until adjudication, nor even then relating back to the time of filing of petition, an interregnum may be occasioned, during which the property of the bankrupt comes within the prehensory power of the court as fully as though it was in its actual presence and entitled to its protection, and the designation of the receiver merely provides a caretaker pending appointment of a trustee; but such receiver cannot transfer the title to any property coming into his charge without express order of the court, and this record does not contain any such authority, and the attempted assignment of·the receiver is utterly void. As to powers of receiver, see Boonville National Bank v. Blakely, 6 Am. Bankr. Rep. 18, 107 Fed. 891.

Where, then, is the plaintiff's right or cause of action? He did not get it through the assignee of the partners, his assignor, because on December 2, 1902, they had nothing to assign. A petition in bankruptcy having previously been filed, he could not get it from the receiver, for that officer had no authority to transfer it, and we cannot assume that these proceedings in bankruptcy were discontinued, for there is nothing in the record upon which to base such an assumption. The question is brought fairly before us in this appeal on the exception taken on the denial of the motion to dismiss the complaint on the ground that plaintiff had failed to make out a cause of action, and the judgment must be reversed, and a new trial ordered.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.